## T. N. PERRY & CO. *v.* E. E. DUKE'S EXRX. ET AL.

**Diligence in Suit to Hold Assignors.**

One who does not cause execution to issue for more than five
months after a judgment is rendered fails to prosecute to insolvency
with the diligence required by the law in order to hold the assignors
bound on their assignment.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

February 8, 1881.

OPINION BY JUDGE PRYOR:

The defendant, Hazelrigg, admits the receipt of $628.59 of the
notes described in paper "Z", and says he returned some of the
remainder to Perry & Co. and instituted suit on the residue in their
names against H. H. Lewis, a constable against whom they had
been listed for collection, and that he may have received some small
amounts on those listed with the constable.

In explaining the manner in which the proceeds of the notes were
to be applied he first stated that they were to be used in payment
of a bill of goods purchased of Duke & Co. by Perry & Co. In
this statement he admitted that he was mistaken, and explained his
mistake by saying that they were to be applied to the payment of a
note for $590.24 due Elam and Hazelrigg, dated December 20, 1858,
and due one year thereafter.

But his own written statement, together with the note, is pro-
duced by Perry & Co., showing that it was paid at maturity by the

assignment of different notes from those in paper "Z". In view of the confusion in these statements, the admission that he received $628.59 of the notes, his inability to account for the application of that amount of them in a satisfactory manner, and the testimony of the Perrys that they were to be paid on the mortgage debts, establish the fact with reasonable certainty that Perry & Co. are entitled to a credit for the $628.59 which the circuit court refused to allow them.

As to the remainder of the notes and inventories on paper "Z", Hazelrigg's estate should not be required to account, as Perry & Co. have instituted suit for them against the constable, unless it be made to appear that Hazelrigg received money thereon from the constable, for which his estate should be held liable, or instituted suit against him without Perry & Co's. authority; and in that event his estate is bound for the notes placed in the constable's hands unless it be shown that Perry & Co. assented thereto, or that the notes were insolvent and uncollected, as in either case the estate of Hazelrigg would not be bound.

As to the items of $100 of February 8, 1867, and $195.85 of June 18, 1867, they appear to have been credited on the note of T. D. Perry and B. F. McCormack, dated December 3, 1866. Those credits should stand; but the item of $81 of December 31, 1866, ought to have been credited to Perry & Co. by the master, as it is proved.

The record shows that Hazelrigg did not cause execution to issue on the Clark judgment for $250 in the Wolfe Circuit Court until over five months had elapsed from its rendition. This was a failure to prosecute Clark to insolvency with the diligence which the law requires in order to hold the assignors, Perry & Co., bound on their assignment. For this reason Hazelrigg was properly charged with the $230 remaining after deducting the discount.

The individual debts of T. D. Perry due to Hazelrigg can not be pleaded in discharge of his debts and obligations to the firm of T. N. Perry & Co., and for this reason the remainder of the note for $946.43, dated December 3, 1866, was properly thrown out of the settlement of the mortgage debts by Perry & Co. to Hazelrigg, and of his debts to them.

The first view presented by the commissioner's report as ascertaining the balance due T. N. Perry & Co. on December 1, 1866, to be $965.57, after adding thereto the $81 of

December 31, 1866, should have been confirmed. The pleadings are not in a condition to authorize a judgment in behalf of Perry & Co. against Hazelrigg's administrators, but leave to amend should be granted either party that may desire it on the return of the cause.

Wherefore the judgment is *reversed* on the original appeal of Perry & Co. and *affirmed* on the cross-appeals of Duke's executrix and Hazelrigg's administrators, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Peters & Brock, R. Reid, W. H. Holt, for appellants.*
*B. D. Lacy, for appellees.*